## STATE OF LOUISIANA *v.* W. A. HAZLETON.

Communications made by a prisoner to his counsel in the course of professional employment, and documents placed by him in the charge of his counsel, are not admissible as evidence against him in a criminal prosecution.

APPEAL from the District Court of the Parish of Ouachita, *Mayo*, J.

*T. J. Semmes*, for the State. *A. L. Black*, for defendant and appellant. ·

VOORHIES, J. This case comes up on a bill of exception taken by the prisoner to the ruling of the District Judge upon the subject of the admissibility of some evidence.

The objection is, that the defendant placed in the hands of his counsel, in the course of professional employment in some civil suit, a paper or voucher, and that on the trial of this prosecution, notwithstanding his opposition, the document was allowed to go to the jury, and his counsel permitted to give evidence upon this subject-matter. The bill of exceptions states particularly, " that the witness was acting in the capacity of attorney for him ; that any thing connected with their business as such, or coming to his knowledge while acting as counsel for the defendant, was a privileged communication, and he was not only not bound, but not permitted to disclose it." The court overruled these objections, and allowed the disclosure by the counsel and the admission of the voucher in proof.

This ruling was, in point of law, erroneous. The prisoner has the privilege to prevent the disclosure of communications which he may have made to his counsel in the course of professional employment; and if papers have, under such circumstances, been placed by the former in the possession of the latter, they are considered as privileged. It is true, that the counsel may be permitted to give evidence of such matters, connected with the transaction, when his knowledge is derived *aliunde ;* but the line of distinction must not be lost sight of, in admitting the evidence before the jury. C. C. 2262; Roscoe, Evid., p. 176 ; Greenleaf, Evid., p. 291, §244. It does not appear by the bill of exceptions, that the evidence in question was held to be admissible, as falling within the recognized exceptions to the general rule. The reasons given by the District Judge in overruling the motion for a new trial, do certainly point out no such exceptions ; but our only guide in this matter is the bill of exceptions, upon the face of which these matters ought to appear.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed ; that the verdict of the jury and judgment of the court be set aside and annulled ; and that this case be remanded for a new trial and further proceedings according to law.